```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
SYLVIA M. PAREDES,
                                  :
          Plaintiff,                   REPORT & RECOMMENDATION
                                  :
     -against-                         07 Civ. 5667 (WHP))MHD)
                                  :
MICHAEL J. ASTRUE, Commissioner
of Social Security,
                                  :
          Defendant.
----------------------------------x
```

TO THE HONORABLE WILLIAM H. PAULEY, U.S.D.J.:

Pro se plaintiff commenced this lawsuit to challenge the denial by the Social Security Administration ("SSA") of her application for an award of disability insurance benefits. Defendant, having filed an answer and the administrative transcript, has moved for an order remanding the case to the SSA under the fourth sentence of 42 U.S.C. § 405(g), in order to permit the Administrative Law Judge to make further findings with respect to the effect of pain on the plaintiff's residual functional capacity. Plaintiff has not opposed the motion.

For the reasons that follow, we recommend that the motion for a remand be granted, to permit the SSA to obtain more detailed findings of fact by the ALJ regarding a number of issues pertinent to plaintiff's disability status, and, if necessary, to supplement the record.

1

Plaintiff has pursued her disability claim before the SSA premised on the contention that back and shoulder pain and carpal tunnel syndrome have all so limited her ability to sit, stand and walk that she is incapable of gainful employment. The decision of the ALJ, which was affirmed by the SSA Appeals Council, found that plaintiff was no longer working, that she suffered from a severe impairment, that she did not have a condition that met or equaled the SSA regulatory criteria for <u>per se</u> disability, that she could no longer perform her prior work as a home attendant, and that she was capable of performing sedendary work, albeit with some limitations. (Tr. 21-22, 24).

In rendering his decision, the ALJ found that plaintiff was not entirely credible in describing the extent and impact of her pain on her ability to function, based on the absence of sufficient objective corroborative medical evidence. (<u>Id.</u> at 23). He also rejected portions of her treating physician's findings as not supported by objective medical evidence. (<u>Id.</u> at 23 n. 3, 24).

Defendant now seeks a remand, noting that the ALJ did not make adequate findings regarding plaintiff's subjective complaints. Specifically, defendant notes the failure of the ALJ to address in explicit fashion the pertinent non-medical factors, as reflected in the plaintiff's testimony and the testimony of her sister. (Def.'s

2

Mem. of Law at 8-9).

In asking for a remand in light of these deficiencies, defendants further argue that the current record does not justify an outright award of benefits. In support of this contention defendant notes that the ALJ adopted some of the findings of plaintiff's treating physician, and he asserts that the ALJ was justified in rejecting additional findings of that doctor to the effect that plaintiff had to periodically sit and stand to relieve pain, a rejection that defendant asserts was proper because the doctor's conclusion was not supported "by objective findings in the record." (Id. at 9).

A remand for further proceedings is proper if the SSA failed to make adequate findings or otherwise erred in its application of the law, or if the record is materially incomplete. See, e.g., Melkonyan v. Sullivan, 501 U.S. 89, 101 (1991); Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999). The omissions in the ALJ's findings that defendant cites are sufficient to justify the remand that he seeks. We note as well that other aspects of the decision are also wanting.

Most notably, defendant asserts that the ALJ was justified in rejecting the treating doctor's opinion that the plaintiff had to

3

sit and stand to relieve pain, claiming an absence of objective evidence for that proposition. Yet the record reflects, and the ALJ even mentions, not only spinal nerve impingement by a disc at L5-S1 (see Tr. 22 (referring to disc bulge reaching the nerve root but not showing "gross nerve impingement"; Tr. 138)[1], but a finding of sciatica in the left leg. (Id. at 22). The ALJ fails to explain why such sciatica does not constitute objective evidence supportive of the treating physician's opinion about the limitations on plaintiff's ability to remain seated for long periods of time.

In addition, the ALJ's hypotheical questions to the vocational expert called at the second hearing were confusing as to the capacity for sitting and/or standing required of the categories of ticket taker and ticket counter workers referred to by the witness. At one point the witness indicated that ticket takers had to stand (information that seemed to be derived from the witness's presumably anecdotal experience in going to football games) and at another point, when referring to people working at a ticket counter (presumably selling tickets) the testimony about the required ability to stand or sit at will verged on the incoherent. (Id. at 173-75). Again this colloquy only served to inject ambiguity into the SSA's showing of the existence of jobs in the market that the

---

[1] The ALJ mis-cites exhibit 8F as the report that he references.

plaintiff could perform in view of the residual functional capacity ultimately found by the ALJ.

Finally, the ALJ noted in a footnote that plaintiff had been recommended for surgery for her complaints of arm pain -- referring to the claim of carpal tunnel syndrome -- but that the record did not reflect that any surgery had been performed. (Id. at 23 n.5). He failed, however, to assess the significance of apparent medical findings that surgery was appropriate when considering all of the conditions impacting plaintiff's residual functional capacity.

Based on these deficiencies, we conclude that remand is appropriate. In this regard we also find, without adopting defendant's justification for the ALJ's rejection of some of the treating physician's findings, that the record, once clarified, could conceivably justify a finding of no disability.

## CONCLUSION

For the reasons stated, we recommend that defendant's motion for a sentence-four remand to the SSA be granted.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written

objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Willima H. Pauley, Room 2210, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York, 10007-1312. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); Thomas v. Arn, 474 U.S. 140 (1985); DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)).

**DATED: New York, New York**
**April 11, 2008**

RESPECTFULLY SUBMITTED,

_____
**MICHAEL H. DOLINGER**
**UNITED STATES MAGISTRATE JUDGE**

Copies of the foregoing Report and Recommendation have been mailed this date to:

Ms. Sylvia Paredes
752 Pelham Parkway
# 5S
Bronx, New York 10462

Leslie A. Ramirez-Fisher, Esq.
Assistant United States Attorney
   for the Southern District of New York
86 Chambers Street
3rd Floor
New York, New York 10007